UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ROBERT THEOPHILUS DAUPHIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PETE GEREN, SECRETARY ) <br> OF THE ARMY, ) <br> ) <br> Defendant. ) | Case No. CV409-141 |

## REPORT AND RECOMMENDATION

Plaintiff Robert Theophilus Dauphin seeks leave to file this employment, race-discrimination case against "Pete Geren, Secretary of the Army" -- apparently without prepayment of the Court's filing fee. Doc. 1 at 1 (while Dauphin did not check the box on the Court's civil rights form application indicating that he wished to proceed in forma pauperis (IFP), he paid no filing fee and indicated that he is presently unemployed).[1] The Court refused to reach any matter in this case because plaintiff had failed to sign his form complaint. The Court gave

---

[1] See Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (EEOC charge prepared without assistance of counsel should be construed liberally and failure to check a box on the template form does not preclude a claim).

him 15 days to sign it, doc. 3, and he did so. Doc. 4.[2]

This is a deadline-sensitive area of law, however. *See, e.g., Belgrave v. Pena*, 254 F.3d 384, 386 (2nd Cir. 2001) (aggrieved employee may file a civil action (i) within 90 days of notice of a final agency decision on his or her EEO complaint, or (ii) after 180 days from the filing of the EEO complaint if the agency has not yet rendered a decision); *Robinson v. Jojanns*, 147 F. App'x 922, 924 (11th Cir. 2005) (failure of 60-year-old black male federal employee to initiate contact with an EEO counselor within 45 days of effective date of decision to deny him a promotion required dismissal of his claims of age, sex, and race discrimination which were based on that decision); *Mobley v. Chatham County*, 2009 WL 1360413 (S.D. Ga. May 14, 2009) (unpublished).

Thus, the Court advised plaintiff to research the statute of limitations for his case, since his entire claim appears to be time-barred. Doc. 3. Dauphin filed his unsigned form complaint on September 10,

---

[2] Applying the IFP standards set forth in *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2007), the Court notes that Dauphin was last employed in May 2008, has received $4752 in government benefit payments over the last 12 months, and is otherwise insolvent ($93,989.30 in debt). Doc. 1 at 1-2. Based on these facts, the Court finds that he is unable to pay the Court's $350 filing fee, so his IFP motion is **GRANTED**. However, the Court **DENIES** his motion for appointment of counsel, doc. 1, because he does not meet the eligibility criteria set forth in *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999), as applied in *Reeves v. DSI Sec. Services*, 2009 WL 1532699 at *4 (11th Cir. June 3, 2009) (unpublished).

2009, after receiving an August 18, *2008* Department of Army Equal Employment Opportunity Office letter reminding him that he had "received the Notice of Right to File a Formal Complaint of Discrimination on July 9, 2008." Doc. 1 at 5 (Notice). He has not responded to the Court's suggestion.

Dauphin was required to file this case within 180 days of the Army EEO's July 9, 2008 "Notice." Doc. 1 at 7 ("Notice" warning him that, at the latest, he must file an action within 180 days of the date he filed an administrative appeal, yet no action was taken).[3] He filed the instant

---

[3] As one court explained:

> Title VII provides certain prerequisites that must be satisfied before a plaintiff can file a civil action under Title VII. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109, 122 S.Ct. 2061, 2070, 153 L.Ed.2d 106 (2002) (citing Burkette v. Gardner-Denver Co ., 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)). Specifically, "[a] charge ... shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-(5)(e)(1); *see also Pijnenburg v. West Ga. Health Sys., Inc.,* 255 F.3d 1304, 1305 (11th Cir.2001) ("It is settled law that in order to obtain judicial consideration of such a claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred."). Thus, if a plaintiff fails to file an EEOC charge before the 180 day limitations period, the subsequent suit is time barred.

*Burkette v. Montgomery County Bd. of Educ.,* 2008 WL 5114313 at * 4 (M.D.Ala. Dec. 4, 2008) (unpublished); *see also Houston v. Army Fleet Servs., L.L.C.,* 509 F. Supp. 2d 1033, 1040 (M.D. Ala. 2007). Note, too, that the law imposes time limits within which a civilian employee like Dauphin must grieve his complaint administratively. *See Twitty v. Potter,* 2008 WL 2277528 at * 3 (N.D. Fla. May 30, 2008) (unpublished) (federal "regulations require a federal employee with a discrimination complaint to contact an EEO counselor from the employing agency within 45 days of the "effective

civil rights application (but no Complaint) on September 10, 2009. Even were the Court to construe that application as a Complaint, it is unquestionably beyond the 180-day deadline. From the face of Dauphin's filed complaint, it appears that his case is time-barred.[4]

Additionally, the Department of the Army's Equal Employment Opportunity Office rejected Dauphin's discrimination complaint and there is no indication that he thereafter exhausted his administrative remedies -- despite being advised to do so and how to do it. Doc. 1 at 5-6. "In permitting federal employees to sue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e -2000e-17, Congress conditioned the

---

date" of the challenged action, in an effort to resolve the complaint informally. 29 C.F.R. § 1614.105(a).").

[4] Limitations requirements are not jurisdictional and thus subject to equitable tolling and wavier. *See Suarez v. Little Havana Activities*, 721 F.2d 338, 340 (11th Cir. 1983) (tolling ninety-day limitations period); *Roush v. Kartridge Pak Co.*, 838 F. Supp. 1328, 1332-34 (S.D. Iowa 1993) (thorough discussion of Supreme Court and Circuit precedent on this issue). Ordinarily, then, courts should refrain from dismissing a Title VII action sua sponte on the basis of untimeliness.

But, where the untimeliness of an action is clear from the face of the complaint and the plaintiff has been granted leave to proceed in forma pauperis, the court may dismiss sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii), which directs a court to dismiss any action brought by an in forma pauperis plaintiff that "fails to state a claim on which relief may be granted." *See Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995) (affirming sua sponte dismissal of action filed after statute of limitations had expired); *Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1170-71 (M.D. Ala. 1999) (adopting magistrate's recommendation of sua sponte dismissal based on statute of limitations); *Carter v. Ford Motor Credit*, 2009 WL 2843883 at * 3 (D. N.J. Sep. 1, 2009) (unpublished) (collecting cases).

government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations." *Richards v. Dep't of Army*, 2007 WL 579549 at *2 (6th Cir. Feb. 15, 2007) (unpublished) (quotes, cite and alteration omitted). "Because Title VII's exhaustion requirements are not jurisdictional, however, they are subject to waiver, estoppel, and equitable tolling." *Id.* (quotes and cites omitted); *Twitty*, 2008 WL 2277528 at * 3 ("A federal employee filing a claim for unlawful employment practices in district court must first seek relief from the agency where the unlawful acts were perpetrated."); *Flowers v. Potter*, 2008 WL 697630 at * 6 (S.D. Ohio Mar. 11, 2008) (unpublished).

Nothing in the record even hints that Dauphin will be able to show waiver, estoppel, or any other equitable exception to this defense. *See Jarvis v. Griffin*, 2008 WL 5111242 at * 3 (M.D.Fla. Dec. 3, 2008) (unpublished) (such relief is granted "sparingly"). He is free to make that showing in his Fed. R. Civ. P. 72(b)(2) Objections to this Report and Recommendation. Otherwise, his complaint should be dismissed for lack of exhaustion, too.

Accordingly, the Court **GRANTS** plaintiff Robert T. Dauphin's

implied motion for leave to file this case IFP, doc. 1, but recommends that this case be **DISMISSED WITH PREJUDICE** on exhaustion and untimeliness grounds.

**SO REPORTED AND RECOMMENDED** this  30th  day of September, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA